## WASHINGTON.

### GEORGE H. CARD *et ux. vs.* THOMAS AHEARN.

A. gave an order, which was accepted by his employer and duly recorded, for the payment of his wages each month as they became due to the firm of W. & C. until further notice.    Shortly afterwards the firm of W. & C. was dissolved, W. having withdrawn from the firm, and its assets were assigned to its successors, C. & Co.    From that time C. & Co. continued to furnish A. with goods, and to collect his wages as they became due and apply them to the paymen of his indebtedness to C. & Co.    A. did not at the time authorize such collection and application of his wages, but acquiesced therein.    Some months afterwards A.'s wages were attached in the hands of his employer, who, after the garnishment, paid the attached wages to C. & Co.

*Held*, that the dissolution of the firm of W. & C. was a revocation of the order, and that the garnishee was chargeable with the amount of A.'s wages earned and unpaid at the time of the garnishment.

PLAINTIFFS' petition for a new trial.

*Providence, January* 5, 1895.   MATTESON, C. J.   This case is before us on the plaintiffs' petition for a new trial on the ground that the Common Pleas Division erred in refusing to charge the garnishee.   The material facts as shown by the answer of the garnishee and the testimony submitted are as follows :   On June 5, 1891, the defendant being at the time in the employment of the Rhode Island Granite Works, gave to it an order in the following form :

"WESTERLY, R. I., June 5, 1891.

"*R. I. Granite Works :*

"GENTLEMEN :   For value received please pay to Whaley and Carney my wages each month as they become due until further notice.

"THOMAS AHEARN."

The Rhode Island Granite Works on the same day accepted the order by writing across its face the following :

"WESTERLY, R. I., June 5, 1891.

"Accepted.   Payable 15th of each month for wages earned the previous month.

"R. I. GRANITE WORKS.

"B."

The order was duly recorded in the town clerk's office in Westerly on June 8, 1891.   The firm of Whaley & Carney was dissolved July 1, 1891.   Its assets were assigned and turned over to W. J. Carney & Co., Carney having purchased the interest of his partner Whaley and admitted a new partner. At the time of the making of the order, the defendant was indebted to Whaley & Carney, who continued to furnish him with groceries on account until the dissolution, when he was indebted to them in the sum of $19.19.   On July 15, 1891, W. J. Carney & Co. having received the wages of the defendant from the Rhode Island Granite Works credited on that date on the account of Whaley & Carney with the defendant the sum of $15.   From July 1, 1891, the new firm W. J. Carney & Co. continued to furnish goods to the defendant and collect his wages from the Rhode Island Granite Works.   On April 28, 1892, at 10.20 A. M., the time of the

service of the writ on the Rhode Island Granite Works as garnishee, the defendant was indebted to W. J. Carney & Co. in the sum of $49.51, and had earned wages in the employment of the garnishee remaining unpaid to the amount of $41.25, which subsequently to the service of the writ on the garnishee were paid by it to W. J. Carney & Co. The garnishee attempts to justify the payment under the order given by the defendant and accepted by it, no notice of a revocation of the order having been given to it by the defendant.

We do not think the garnishee was warranted in paying over the money earned by the defendant after service on it of the writ. Authority to make payment under the defendant's order was limited to the firm of Whaley & Carney. That authority ceased on the dissolution of that firm, or, at all events, when sufficient money had been paid to cancel the defendant's indebtedness to that firm. The dissolution of that firm was notice to the Rhode Island Granite Works equivalent to notice of a revocation of the order, since the authority conferred by the order was necessarily at an end. The subsequent payments to W. J. Carney & Co., when made, were wholly unauthorized, though prior to the garnishment these were ratified by the defendant by his implied assent arising from his acquiescence in the payments and the application of them to his indebtedness to W. J. Carney & Co. But the service of the writ put an end to the defendant's power to consent or to ratify the further payment to Carney & Co. as against the plaintiffs, so that the garnishee made the payment at its peril. The fund from the time of the service on the garnishee was attached or trusteed in its hands, and it was its duty to have held it to await the result of the plaintiffs' suit. We are of the opinion that the Common Pleas Division erred in refusing to charge the garnishee.

Plaintiffs' petition for a new trial granted and case remitted to the Common Pleas Division with direction to enter a judgment charging the garnishee.

*Albert B. Crafts*, for plaintiffs.
*Charles Perrin & John W. Sweeney*, for garnishee.